Filed 2/6/23  Scott v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| GEROME SCOTT, | |
| Petitioner, | E079281 |
| v. | (Super.Ct.No. FVI19002377) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Christopher S. Pallone, Judge.  Granted.

Thomas W. Sone, Public Defender, Benjamin Russi, and Ed O'Brien, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Jason Anderson, District Attorney, and Robert W. Knox, Deputy District Attorney, for Real Party in Interest.

1

In March 2020, petitioner Gerome Scott pleaded no contest to criminal charges that included a gang enhancement under Penal Code[1] section 186.22, subdivision (b), and was released from jail on probation. In May 2022, while probation revocation proceedings were pending, Scott filed a motion to vacate his judgment. The motion sought to undo his plea agreement based on changes to section 186.22 brought about by Assembly Bill No. 333 (2021-2022 Reg. Session) (Assembly Bill 333). The trial court denied the motion.

We now consider Scott's petition for a writ of mandate, which requests that we direct the trial court to vacate its order denying his motion to vacate judgment and issue a new order granting the motion. We grant the petition.

FACTS

This case arises from an incident on August 31, 2019, apparently motivated by Scott's belief that his neighbor had called 911 on him during a domestic dispute. At the preliminary hearing, the prosecution presented evidence that Scott threatened to kill the neighbor, removing his shirt to display gang tattoos and announcing his gang membership as he did so. Scott reportedly said that he would bring his fellow gang members over and the neighbor would never be able to walk the street again. A gang expert identified Scott as a member of a specific gang. The expert also testified about several offenses previously committed by other members of the gang. The expert opined

_____

[1] Further undesignated statutory references are to the Penal Code.

2

that Scott's threats of violence, combined with his display of "allegiance" to the gang, had reputational benefit to both the gang and to Scott personally.

In March 2020, Scott pleaded no contest to one count of making a criminal threat in violation of section 422, subdivision (a), and admitted to a gang enhancement under section 186.22, subdivision (b), in exchange for suspended imposition of sentence, 36 months of supervised probation, and dismissal of a second criminal threat count.[2] Scott's counsel stipulated that the evidence presented at the preliminary hearing provided a factual basis for his plea.

On April 1, 2022, the trial court revoked Scott's probation.[3] On May 16, 2022, while further revocation proceedings remained pending, Scott (through counsel) filed a motion to vacate judgment. On June 9, 2022, the trial court denied the motion. Scott filed his petition challenging that ruling on July 1, 2022. In November 2022, we issued an order to show cause and stayed further trial court proceedings.[4]

---

[2] The trial court suspended pronouncement of judgment, after cautioning Scott about the potential sentencing range, rather than deciding the length of sentence that would be appropriate and then suspending its execution.

[3] Scott's probation had been revoked once before, but was reinstated.

[4] The stay was issued on our own initiative. Scott did not request a stay because the prosecution indicated "it would await Petitioner's pursuit of review before taking further action."

## DISCUSSION

Scott contends that he is entitled to benefit from the changes to section 186.22 enacted by Assembly Bill 333, and that the "appropriate remedy" to allow him to do so is to vacate his "entire plea." We agree.

Section 186.22 enhances the punishment of a person convicted of an enumerated felony committed "for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members." (§ 186.22, subd. (b)(1)(4).) This gang enhancement relies on the definition of "criminal street gang" as defined in section 186.22, subdivision (f).

Assembly Bill 333 narrowed the definition of "criminal street gang." What was previously defined as an "ongoing *organization, association, or group* of three or more persons . . . whose members *individually or collectively* engage in, or have engaged in, a pattern of criminal gang activity" (former § 186.22, subd. (f), italics added) is now defined as an "ongoing, *organized association or group* of three or more persons . . . whose members *collectively* engage in, or have engaged in, a pattern of criminal gang activity" (§ 186.22, subd. (f), italics added.) Assembly Bill 333 also raised the bar for proving the "pattern of criminal gang activity" needed to establish a criminal street gang, as: (1) predicate offenses now must be proven to have "commonly benefitted a criminal street gang, and the common benefit of the offense[s] is more than reputational"; (2) the last predicate offense must have occurred within three years of the currently charged offense; (3) the predicate offenses must have been committed by two or more "members"

4

of the gang, as opposed to any persons; (4) the currently charged offense no longer counts as a predicate offense; and (5) the list of qualifying predicate offenses is shortened. (Assem. Bill 333, § 3, revised § 186.22, subd. (e)(1)-(2).)

Assembly Bill 333 went into effect January 1, 2022. (*People v. Lopez* (2021) 73 Cal.App.5th 327, 343.) Its changes to section 186.22 "apply retroactively to all cases . . . in which the judgment of conviction [was] not yet final" as of that date "because the changes 'redefine, to the benefit of defendants, conduct subject to criminal sanctions'" (*People v. E.H.* (2022) 75 Cal.App.5th 467, 478; accord *People v. Lopez*, *supra*, 73 Cal.App.5th at p. 344 [substantive changes in Assembly Bill 333 apply retroactively because they "increase[] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement"]; *In re Estrada* (1965) 63 Cal.2d 740, 745.)

The judgment against Scott is not yet final. Where, as here, imposition of sentence is suspended and a defendant is placed on probation, the case is not final for purposes of retroactivity because the defendant "may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect." (*People v. Esquivel* (2021) 11 Cal.5th 671, 673; accord *People v. Lopez* (2020) 57 Cal.App.5th 409, 414 ["A grant of probation is not a sentence and final judgment for purposes of retroactivity: in a case where the court suspends imposition of sentence to place the defendant on probation, there is no final judgment. And where the court imposes sentence but suspends its execution, that sentence constitutes only a provisional or

conditional judgment, the finality of which depends on the outcome of the probationary period"].) As such, Assembly Bill 333's amendments to section 186.22 apply retroactively to this case.

Where a defendant was convicted by a jury under the former version of the section 186.22 gang enhancement, the "proper remedy . . . is to remand and give the People an opportunity to retry the affected charges." (*People v. E.H.*, *supra*, 75 Cal.App.5th at p. 480.) Here, analogously, the appropriate remedy is to grant Scott's request to vacate his conviction and the plea bargain on which the conviction was based and to allow the parties to proceed with the case from that point under the amended law. (See *People v. Lopez*, *supra*, 57 Cal.App.5th at pp. 412, 416 [ordering conviction based on plea bargain vacated in light of amendment that "added an element the prosecution previously had no reason to prove"; remanding for further proceedings "to allow the district attorney the opportunity to prove" those elements]; *People v. Stamps* (2020) 9 Cal.5th 685, 707 (*Stamps*) ["If he desires, defendant should be given the opportunity to seek" benefit of retroactive change in the law, though that could have "consequences to the plea agreement"].)

The People propose that Scott's motion was procedurally improper, arguing that it should be "construed as a petition for writ of error *coram nobis*." This argument lacks merit. A petition for writ of error *coram nobis* seeks to vacate a final conviction based on errors of fact. (See, e.g., *People v. Kim* (2009) 45 Cal.4th 1078, 1101-1102.) As discussed above, Scott's conviction is not final, and he does not seek to vacate his

6

conviction and the plea bargain that underlies it based on errors of fact, but on a retroactive change in the law. For similar reasons, the People's alternative proposal that we treat Scott's motion as a habeas petition is also without merit. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474 ["a writ of habeas corpus seeks to collaterally attack a presumptively final criminal judgment"].) Rather, a motion to vacate was an appropriate procedural mechanism for Scott to have sought relief. (See *People v. Lopez, supra,* 57 Cal.App.5th at pp. 416-417 [considering motion to vacate conviction based on retroactive change in law].) The People have not presented any valid reason why either Scott's motion or the present petition should be considered procedurally barred or defective.[5]

We are also unpersuaded by the People's arguments going to the merits. The People cite *Doe v. Harris* (2013) 57 Cal.4th 64, 66, 70 (*Doe*) for the proposition that a defendant "is supposed to know that the Legislature may change the law defining an enhancement later and this generally does not invalidate his plea." This is a misreading of *Doe*. *Doe* holds that a plea agreement "does not have the effect of insulating [the parties] from changes in the law that the Legislature has intended to apply to them." (*Doe*, at p. 66.) That holding was later codified (§ 1016.8, subd. (a)(1)) with the clarification that "[a] provision of a plea bargain that requires a defendant to generally waive future benefits" of any "changes in the law that may retroactively apply after the date of the plea is void as against public policy" (*id.*, subd. (b)). (See *Stamps, supra,* 9

_____

[5] We note also that the People did not challenge Scott's motion on procedural grounds in the trial court, so those arguments were also forfeited.

Cal.5th at p. 705 [discussing *Doe* and § 1016.8].) Given that Assembly Bill 333's changes to section 186.22 were (implicitly) intended by the Legislature to have retroactive effect on cases not yet final, *Doe* only supports Scott's motion. As the People note, Scott's "stipulation to a factual basis at the time of his plea essentially admitted the sufficiency of the evidence against him." But his admission to facts that supported the enhancement under the former law was not—and, in light of section 1016.8, subdivision (b), *could not* be—an admission that the facts support the enhancement in its current form.

The People argue that the evidence supports an inference that the gang enhancement "could have been proven" even under the higher bar of current law, although the evidence actually presented at the preliminary hearing was lacking in some respects. We decline to engage in substantial evidence review of a partially hypothetical record. Moreover, regardless of the legal sufficiency of the evidence that could have been mustered in support of the enhancement, the "new circumstances" of the law after Assembly Bill 333 and recent appellate case law relating to the amended section 186.22 could "lead the parties to reevaluate what constitutes a fair disposition of the case." (*Stamps*, *supra*, 9 Cal.5th at p. 709.) After this opinion issues and the matter is returned to the trial court, the parties may again reach a plea agreement, whether on similar or different terms, or the case may proceed to trial. We will take up the sufficiency of the evidence in support of the gang enhancement under current law if and when the question is properly before us.

## DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ of mandate issue directing the respondent superior court to (1) vacate its order denying Scott's motion to vacate judgment and (2) enter a new order granting the motion. The stay we ordered on November 2, 2022 shall be dissolved when our remittitur issues.

Scott shall prepare the writ of mandate and have it issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

CODRINGTON
Acting P. J.

FIELDS
J.

9